■ LINDA GRECO, Appellant, v FIVE FIVE GARAGE CORP.,

Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ingrassia, J.), entered October 19, 1984, which denied her motion to amend her complaint and granted the defendant's cross motion for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court, dated December 19, 1984, as, upon reargument, adhered to the original determination.

Appeal from the order entered October 19, 1984 dismissed. That order was superseded by the order granting reargument.

Order dated December 19, 1984 reversed insofar as reviewed, order entered October 19, 1984 vacated, and, upon reargument, the plaintiff's motion to amend the complaint granted and the defendant's cross motion for summary judgment denied.

The plaintiff is awarded one bill of costs.

This action arises out of an incident in which the plaintiff's automobile plunged down an open elevator shaft in the corporate defendant's garage. The complaint merely alleged that the plaintiff had sustained injuries which were "permanent and severe". After the service of the defendant's answer, which contained the affirmative defense that the plaintiff had not sustained a "serious injury" as defined by Insurance Law former § 671 (4) (now § 5102 [d]), the plaintiff moved for leave to amend her complaint to remedy this omission. The defendant cross-moved for summary judgment dismissing the complaint based upon the aforenoted affirmative defense. Special Term denied the plaintiff's motion and granted the defendant's cross motion, concluding that the plaintiff had not established a prima facie case within the meaning of "serious injury" defined as "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). We disagree.

In an affidavit in support of her motion and in opposition to the defendant's cross motion, the plaintiff averred that for four to five months immediately following the accident she suffered from "constant severe headaches" which prevented her from resuming work as a receptionist/manager of a

beauty salon and from participating in any of her normal daily activities, such as reading, watching television, and socializing. The headaches occurred on a daily basis and would last for extended periods of time and would sometimes be accompanied by temporary hearing loss. The plaintiff also proffered a medical report of her treating physician, Dr. Skok, wherein he opined that the plaintiff had suffered a "serious injury" consistent with the statutory definition of an injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities. Dr. Skok's conclusion was based upon his prior diagnosis that the plaintiff had sustained, as a result of the accident, a cerebral concussion with symptoms as posttraumatic cerebral concussion. The latter include "severe headaches" and "post-traumatic hearing disturbances". Dr. Skok noted that his prognosis for recovery on the last date he treated the plaintiff, which was "approximately 74 days after her accident", was "guarded" because the plaintiff continued to suffer, as of that date, "symptoms of post-traumatic cerebral concussion". Based upon his medical experience, Dr. Skok indicated that it was not unusual for such symptoms to continue, as complained of by the plaintiff, on a daily basis for four or five months and intermittently thereafter.

Here, the opinion of the plaintiff's treating physician that she had suffered a serious injury was not conclusory, but was predicated upon an identification of the injuries she sustained as a result of the accident, symptoms associated with such injuries that are inferably debilitating in nature and for which the plaintiff received treatment over a substantial period of time, and the usual duration of such symptoms (see, Lopez v Senatore, 65 NY2d 1017). The medical report combined with the plaintiff's affidavit regarding the disabling extent of the symptoms she suffered for over 90 days following the accident suffice to defeat a motion for summary judgment and to establish the existence of a triable issue of fact as to whether the plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see, Lopez v Senatore, supra; Phillips v Kantor & Co., 31 NY2d 307; Cohen v Herbal Concepts, 100 AD2d 175, 177, affd 63 NY2d 379; Quaglio v Tomaselli, 99 AD2d 487; Comptroller of State of N. Y. v Gards Realty Corp., 68 AD2d 186, 188-189). Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.