■ HASAN JORDAN et al., Respondents, v MADY GOLDSTEIN et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Kings County (Bellard, J.), dated May 8, 1985, which granted their motion for summary judgment dismissing the plaintiffs' complaint for the failure of the plaintiffs to establish a serious injury, (2) an order of the same court, dated November 13, 1985, which, *inter alia,* granted the plaintiffs' motion for reargument and upon reargument, vacated the order dated May 8, 1985, denied the defendants' motion for summary judgment, and granted the plaintiffs 45 days to submit a medical affirmation.

Ordered that the appeal from the order dated May 8, 1985 is dismissed, without costs or disbursements, as they are not aggrieved by that order, and because that order was superseded by the order dated November 13, 1985, made upon reargument; and it is further,

Ordered that the order dated November 13, 1985 is affirmed, without costs or disbursements.

The issue in this motor vehicle negligence action is whether

the infant plaintiff has sustained "serious injury" as defined in Insurance Law § 5102 (d).

On March 24, 1982, a car driven by Mady Goldstein, which was owned by Ruth Goldstein, collided with an automobile operated and owned by Merlyn Jordan in which the infant plaintiff Hasan Jordan was a passenger. The infant plaintiff was taken to the Long Island College Hospital for treatment and was released later that same day. Upon his being released, the infant plaintiff's mother was informed to keep him under observation and not permit him to sleep too often. She was advised that should he have adverse symptoms, he was to be brought back to the hospital. The infant plaintiff never returned to the hospital but instead was treated some three weeks later by Dr. Ogunro following complaints that he was experiencing bifrontal headaches.

Dr. Ogunro, in an affidavit in opposition to the defendants' motion for summary judgment upon the ground that the "serious injury" threshold had not been met, stated that the infant plaintiff's posttraumatic syndrome had resulted in "significant and global limitation of intellectual, affectual and general physical functions". The affidavit of the infant plaintiff's treating physician was based upon tests performed by him and his treatment of the infant plaintiff, which led him to his conclusion that the infant had sustained injuries of a permanent nature. Under the circumstances, the infant plaintiff has produced sufficient proof in evidentiary form to raise a triable issue of fact as to the seriousness of his injury within the meaning of the statute (see, Lopez v Senatore, 65 NY2d 1017; Zoldas v Louise Cab Corp., 108 AD2d 378). Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.