■ DANFORD FRANCIS et al., Respondents, v BASIC METAL INC., Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendant Basic Metal Inc. appeals from so much of an order of the Supreme Court, Kings County (Williams, J.), dated April 7, 1988, as denied its cross motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for leave to amend their complaint to state that the injured plaintiff suffered serious injury.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent Danford Francis.

The plaintiff Danford Francis was injured in February of 1986 when the tailgate of a truck owned by the appellant fell on his left foot while the truck was being loaded. The injured plaintiff has not returned to work since the date of the accident. An X ray, bone scan, and "CAT" scan taken of the injured plaintiff's foot within a few months after the accident failed to reveal any dislocation, fracture or abnormality in the foot. The appellant's examining physician found that in April 1987 the injured plaintiff exhibited a full range of motion in the lower extremities and no objective support for the injured plaintiff's complaints of pain. However, the doctor did note that the injured plaintiff walked with a limp. In an affirmation submitted in opposition to the appellant's cross motion, Dr. John E. Robinton stated that his examination of the injured plaintiff two months after the accident revealed that he suffered from a condition known as causalgia, a "burning feeling" in the foot, which constituted a "significant limitation of use". He also noted that the injured plaintiff limped as a result of the injury. In another affirmation submitted by the plaintiffs, Dr. Cornelius Nicoll asserted that the injury had caused a tarpel tunnel syndrome which had resulted in pain

and a "significant limitation of use" of the injured plaintiff's left leg.

It is for the court to determine in the first instance whether a prima facie showing of "serious injury" has been made *(Licari v Elliott,* 57 NY2d 230). However, on a motion for summary judgment, issue finding rather than issue determination is the key, and the court should not determine questions of credibility *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338).

In this case, the diagnoses of the injured plaintiff's treating physicians were based upon their examination of him and his medical records. In addition, Dr. Nicoll indicated that in April 1986 he had a "positive EMG test" for nerve damage, and even the appellant's examining physician noted that the injured plaintiff walked with a limp more than a year after the accident. Coupled with the fact that he had not returned to work, there is sufficient evidence in the record to establish a triable issue of fact as to whether he suffered a "serious injury" within the meaning of the No-Fault Law *(see, Jordan v Goldstein,* 129 AD2d 616; *Fields v Green Bus Lines,* 124 AD2d 640; *Greco v Five Five Garage Corp.,* 123 AD2d 422). Any discrepancies between the various medical reports involve issues of credibility which are for a jury to determine *(see, Vasilatos v Chatterton,* 135 AD2d 1073). Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.