■ ARADIS MERCADO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Garry, J.), dated January 5, 1990, which granted the respondent's motion for summary judgment dismissing the complaint as against it.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff injured her neck, back and left leg in an accident on one of the buses of the New York City Transit Authority on December 29, 1987. At her examination before trial, held on August 3, 1989, the plaintiff testified that she had been unable to return to her job as a home care attendant since the date of the accident. On March 31, 1989, the plaintiff

was examined by Dr. Donald Goldman, who noted that she walked with "an obvious limp", that rotation of her cervical spine was "restricted to 40° by pain and spasm", that her left ankle measured larger than her right ankle due to "swelling and synovitis", that her left calf measured smaller than her right one due to "atrophy", that she suffered from chronic "adductor tendonitis" causing a limp, and that her prognosis was "guarded".

We find that under these circumstances, the plaintiff raised a triable issue of fact as to whether she suffered a serious injury under the no-fault law (see, Insurance Law § 5101 *et seq.).* There is a triable issue of fact as to whether she suffered a medically determined injury or impairment of a nonpermanent nature which prevented her from substantially performing all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (see, Insurance Law § 5102 [d]; *Thomas v Drake,* 145 AD2d 687; *Greco v Five Five Garage Corp.,* 123 AD2d 422; *Sole v Kurnik,* 119 AD2d 974). Further, there was sufficient evidence to raise a factual question as to whether the plaintiff had sustained a "significant limitation of use of a [described] body function or system" *(Lopez v Senatore,* 65 NY2d 1017, 1019; *Lazarre v Kopczynski,* 160 AD2d 772; *Swenning v Wankel,* 140 AD2d 428). Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.