■ CYNTHIA F. CRANE, Respondent, v JOAN RICHARD et al., Appellants.—In a negligence action to recover damages for

personal injuries, the defendants appeal from a judgment of the Supreme Court, Nassau County (Roberto, J.), dated March 21, 1990, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $21,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

On appeal, the defendants contend, *inter alia,* that the plaintiff failed to make a prima facie showing of serious injury, and that, as a result, the complaint should be dismissed. The issue of whether the plaintiff has made a prima facie showing of having sustained a serious injury is one for the court in the first instance *(Licari v Elliott,* 57 NY2d 230, 237). We find that the Supreme Court incorrectly determined that the plaintiff satisfied the requirements of Insurance Law § 5102 (d) and § 5104 (a), since the record fails to demonstrate that the plaintiff suffered from a medically determined injury which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for at least 90 of the 180 days following the occurrence of the alleged injuries.

At trial, the plaintiff testified that she could not perform any housework without pain following her injury. In addition, her orthopedist testified that he examined the plaintiff and found a severe sprain of the neck and lower back, with a restricted range of motion. This testimony, however, failed to establish that the plaintiff was curtailed from performing her usual activities to a great extent *(see,* Insurance Law § 5102 [d]; *Licari v Elliott,* 57 NY2d 230, 236, *supra).* As a result, the plaintiff failed to make out a prima facie case showing serious injury within the statutory requirements *(see,* Insurance Law § 5102 [d]; *see also, Keller v Terr,* 176 AD2d 921).

In light of our determination, we decline to address the defendant's remaining contentions. Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.