■ HILDA NUNEZ, Respondent, v JERRY DABROWSKI et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Leviss, J.), entered May 22, 1990, which, upon jury verdict, is in favor of the plaintiff and against them in the principal sum of $75,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

On appeal, the defendants contend, *inter alia,* that the plaintiff failed to make a prima facie showing of serious injury, and that, as a result, the complaint should be dismissed. The issue of whether the plaintiff has made a prima facie showing of having sustained a serious injury is one for the court in the first instance *(see, Licari v Elliott,* 57 NY2d 230, 237). The Supreme Court incorrectly determined that the plaintiff satisfied the requirements of Insurance Law § 5102 (d) and § 5104 (a). The record fails to demonstrate that the plaintiff suffered from a medically-determined injury which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for at least 90 of the 180 days following the occurrence of the alleged injuries.

Absent from the instant record was any testimony regarding material acts, other than housework and exercise, which constituted the plaintiff's customary daily activities *(see, Crane v Richard,* 180 AD2d 706). There was no evidence, for example, that the injuries sustained by the plaintiff limited her socially in any manner. Thus, the plaintiff failed to make out a prima facie case showing serious injury within the statutory requirements *(see,* Insurance Law § 5102 [d]; *see also, Licari v Elliott,* 57 NY2d 230, 236, *supra).* Accordingly, we reverse the judgment and dismiss the complaint *(see,* Insurance Law § 5104 [a]).

In light of our determination, we decline to address the defendants' remaining contentions. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.