■ IRENE STAROSTA, Respondent, v VITALIS PEDZIK, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Dunlop, J.), dated August 21, 1990, which, upon a jury verdict, is in favor of the plaintiff and against the defendant in the principal sum of $120,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

On appeal, the defendant contends, *inter alia,* that the plaintiff failed to make a prima facie showing of serious injury, and that, as a result, the complaint should be dismissed. The issue of whether the plaintiff has made a prima facie showing of having sustained a serious injury is one for the court in the first instance *(Licari v Elliott,* 57 NY2d 230, 237). We find that the Supreme Court incorrectly determined that the plaintiff satisfied the requirements of Insurance Law § 5102 (d) and § 5104 (a) since the record fails to demonstrate that the plaintiff suffered from a medically determined injury which prevented her from performing substantially all of the material acts which constituted her usual and customary activities for at least 90 out of the 180 days following the occurrence of the alleged injuries.

At trial, the plaintiff testified that she had chest pain and that she suffered from nightmares and depression. She testified that she saw an orthopedist approximately two weeks after the accident in question and a psychiatrist approximately six months after the accident. These physicians did not testify at trial. An orthopedist who examined the plaintiff on one occasion, almost two years after the accident, at the request of her attorney, testified that her orthopedic problems were chronic neck strain or mild sprain and costal chondritis. He further found that her major disability was neuro-psychiatric. A psychiatrist, who examined the plaintiff on one occasion, approximately 18 months after the accident, at the request of her attorney, testified that the plaintiff suffered from depression and panic attacks.

The testimony, however, failed to establish that the plaintiff was curtailed from performing substantially her usual activities *(see,* Insurance Law § 5102 [d]; *Licari v Elliott,* 57 NY2d 230, 236, *supra).* As a result, the plaintiff failed to make out a prima facie case showing serious injury within the statutory requirements *(see,* Insurance Law § 5102 [d]; *see also, Crane v*

*Richard,* 180 AD2d 706; *Keller v Terr,* 176 AD2d 921). Accordingly, we reverse the judgment and dismiss the complaint *(see,* Insurance Law § 5104 [a]).

In light of our determination, we decline to address the defendant's remaining contentions. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.