■ Janet Snyder et al., Respondents, v Paul Perez, Appellant. [667 NYS2d 413] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 25, 1997, as granted the plaintiffs' motion for reargument and, upon reargument, denied that branch of his motion which was for summary judgment dismissing the complaint pursuant to Insurance Law § 5102 (d) to the extent that the injured plaintiff was allowed to establish that she had sustained a serious injury within the meaning of

Insurance Law § 5102 based on her having been unable to perform substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon reargument, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint pursuant to Insurance Law § 5102 (d) to the extent that the injured plaintiff was allowed to establish that she had sustained a serious injury within the meaning of Insurance Law § 5102 based on her having been unable to perform substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury, and substituting therefor a provision adhering to the original determination to grant that branch of the motion, and dismissing the complaint in its entirety; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The Supreme Court granted the defendant's motion for summary judgment based upon the plaintiffs' failure to submit the sworn statement of a physician who had conducted a recent examination of the injured plaintiff. In moving to reargue the motion, the plaintiffs argued that in granting the defendant's motion, the court did not address the matter of whether the injured plaintiff met the definition of serious injury in Insurance Law § 5102 (d) based on her having shown that she was prevented from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury, as she alleged in her bill of particulars. While there is merit to this argument, the court nonetheless erred in denying the defendant's motion upon granting reargument. In light of the injured plaintiff's admission that she only missed approximately three days of work as a result of the accident, we conclude that she failed to raise a triable issue of fact (see, CPLR 3212 [b]) as to whether her injuries prevented her from performing "substantially all" of the material acts constituting her usual and customary daily activities during at least 90 out of the first 180 days following the accident (see, Letellier v Walker, 222 AD2d 658).

Moreover, the conclusion reached by the injured plaintiff's treating chiropractor in his affidavit which was submitted in opposition to the motion, that "the injuries she sustained

deleteriously effected *[sic]* and restricted her everyday activities" was not supported by objective proof but rather was based solely on discussions which the chiropractor had with the injured plaintiff *(see, Georgia v Ramautar,* 180 AD2d 713). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.