■ NICHOLAS LALLI et al., Respondents, v DOROTHY TAMASI et al., Appellants. [698 NYS2d 276] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered January 20, 1999, as denied their motion for summary judgment dismissing the complaint based on the failure of the plaintiff Nicholas Lalli to sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The medical evidence submitted by the defendants in support of their motion for summary judgment made out a prima facie case (see, CPLR 3212 [b]) that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

The affirmed report by Dr. Christine Sapka, submitted in opposition to the motion, failed to indicate that the injured plaintiff's injuries were "serious", within the meaning of Insurance Law § 5102 (d), or causally related to the accident (see, Verrelli v Tronolone, 230 AD2d 789). In addition, the findings of Dr. Sapka, as set forth in her affirmed report, were based on only one examination which she conducted almost six years after the accident (see, Verrelli v Tronolone, supra; Lichtman-Williams v Desmond, 202 AD2d 646).

Moreover, in light of the injured plaintiff's admission in his affidavit that he missed a total of only 14 days of work as a result of the accident, he failed to raise a triable issue of fact as to whether his injuries prevented him from performing "substantially all" of the material acts constituting his customary daily activities during at least 90 out of the first 180 days following the accident (Insurance Law § 5102 [d]; see, Letellier v Walker, 222 AD2d 658). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.