■ DANIELLA RANDAZZO, Respondent, v GLORIA MORRIS, Appellant. [703 NYS2d 238] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Pincus, J.), entered March 31, 1999, which, upon a jury verdict, is in favor of the plaintiff and against her in the principal sum of $35,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff was allegedly injured in an automobile accident on July 18, 1996. She testified that she missed only a few days

from her part-time job immediately following the accident. After leaving her part-time job at the end of that summer, she began a full-time job teaching elementary school while attending a part-time master's program.

The defendant made an application, in effect, for judgment in its favor as a matter of law on the issue of whether the plaintiff had sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the injury (*see,* Insurance Law § 5102 [d]). The Supreme Court erred in denying the application. Under these circumstances, the plaintiff failed to establish that she was prevented from performing substantially all of the material acts constituting her customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury (*see,* Insurance Law § 5102 [d]; *Lalli v Tamasi,* 266 AD2d 266). Accordingly, the Supreme Court erred in submitting the plaintiff's "90/180 day" claim to the jury (*see, Licari v Elliott,* 57 NY2d 230, 237). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.