■ JONATHAN KRAKOFSKY, Respondent, v TERESA FOX-RIZZI, Appellant. [709 NYS2d 856] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered June

29, 1999, which, upon jury verdicts on the issues of liability and damages, and upon the denial of her motion pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), is in favor of the plaintiff and against her in the principal sum of $30,000.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The jury determined that the plaintiff sustained a medically-determined injury or impairment which prevented him from performing substantially all of the material acts which constituted his usual and customary activities for at least 90 out of the 180 days immediately following the accident (*see,* Insurance Law § 5102 [d]; *Licari v Elliott,* 57 NY2d 230, 237). However, the evidence at trial was insufficient to support that determination. Specifically, the plaintiff failed to submit evidence in the form of medical testimony or records to support his claim that he sustained a medically-determined injury (*see, Ryan v Xuda,* 243 AD2d 457; *Schaefer v Pierce,* 205 AD2d 521; *Starosta v Pedzik,* 185 AD2d 308; *Traugott v Konig,* 184 AD2d 765). The plaintiff's entire case rested upon his own vague and conclusory assertions of his inability to perform unspecified activities after the accident due to subjective complaints of pain (*see, Estrella v Marano,* 255 AD2d 358; *DiPalma v Villa,* 237 AD2d 323; *Nunez v Dabrowski,* 185 AD2d 269; *Traugott v Konig, supra*). In determining a motion pursuant to CPLR 4401, the trial court must decide whether the plaintiff has presented a prima facie case, and the motion should be granted if no rational jury could find for the plaintiff based upon the evidence presented (*see, Lyons v McCauley,* 252 AD2d 516). Here, based upon the evidence presented by the plaintiff, and viewing that evidence in a light most favorable to him, the trial court should have granted the defendant's motion to dismiss the complaint for failure to establish a prima facie case that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

In light of our determination, we need not address the defendant's remaining contention. O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.