(December 28, 2000)

■ LINDA BERK et al., Respondents, v LUIS A. LOPEZ, Appellant. LINDA BERK, Respondent, v M.B. PAINTING CORPORATION et al., Appellants and Third-Party Plaintiffs-Respondents-Appellants. LUIS A. LOPEZ, Third-Party Defendant-Appellant-Respondent. [718 NYS2d 332] —Judgment, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about April 5, 1999, which, after a jury trial, awarded plaintiff $278,956, 60% as against defendant Luis A. Lopez and 40% as against defendants M.B. Painting Corporation and Vremenko Bacoka, unanimously reversed, on the law, without costs or disbursements, the judgment vacated, and the complaint dismissed as against all defendants. The Clerk is directed to enter judgment in favor of all defendants dismissing the complaint.

In this personal injury action, plaintiff was injured on June 15, 1993, when her vehicle was struck by the van owned by M.B. Painting Corporation and operated by defendant Bacoka, which, in turn, had been struck in the rear by a vehicle operated by defendant Lopez. The verdict in plaintiff's favor was based on a finding of serious injury, pursuant to Insurance Law § 5102 (d), i.e., "a medically determined injury or impairment of a non-permanent nature which prevent[ed her] from performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

Immediately following the accident, which occurred while plaintiff was on her way to work, plaintiff drove herself to the emergency room, where she "began to feel * * * a stiffness in [her] neck and some pain." After being given a cervical collar and some pain medication, plaintiff went to work. During the year following the accident, plaintiff was treated by an orthopedist (to whom she was referred by her attorney) and missed several days "off and on" from work. She was absent from work for five days during the six-month period immediately following the accident. While at work, she had difficulty sitting at her computer, in one position, or at meetings for long periods of time. She testified that several times a week she would lie on the floor in her office or, if at a meeting, would get up and "press * * * up" against the wall for about 10 or 15 minutes to relieve her pain. During the first year, she took Tylenol with codeine for pain once or twice and regular Tylenol on other occasions. In August 1994, more than one year after the accident, plaintiff ceased working and accepted disability benefits for one year.

In our view, these limitations do not meet the "substantially all" standard of Insurance Law § 5102 (d), "which requires a showing that the plaintiff's activities have been restricted 'to a great extent rather than some slight curtailment.' " (*Szabo v XYZ, Two Way Radio Taxi Assn.*, 267 AD2d 134, 135, quoting *Licari v Elliott*, 57 NY2d 230, 236.) There is no evidence that plaintiff's injuries prevented her from performing her professional duties; her need to relieve pain by lying on the floor of her office after prolonged periods of sitting at the computer or leaning against the wall during business meetings falls far short of satisfying the statutory threshold. (*See, id.*) Nor is there any evidence that plaintiff was sufficiently limited in her activities outside of her employment so as to satisfy this threshold. Since plaintiff failed to meet her threshold burden of showing a serious injury, the complaint must be dismissed. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Buckley, JJ.