■ RICHARD BERMAN, Appellant, v GENERAL ELECTRIC CAP AUTO et al., Respondents. [752 NYS2d 555] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Held, J.), entered November 27, 2001, which, upon the granting of the separate motions of the defendants General Electric Cap Auto and L. Peter Stavropoulos and the defendants Edwin Rodriguez and Davita Labrado pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and to dismiss the complaint for failure to establish a prima facie case, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

Contrary to the plaintiff's contention, the trial court correctly granted the defendants' respective motions pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff finding that he had sustained a medically-determined injury which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment (*see* Insurance Law § 5102 [d]). Based on the evidence presented by the plaintiff at trial, no rational jury could have found for the plaintiff on this issue (*see Krakofsky v Fox-Rizzi*, 273 AD2d 277, 278; *Lyons v McCauley*, 252 AD2d 516; *O'Brien v Covert*, 187 AD2d 419, 420). The plaintiff's evidence at trial failed to establish a prima facie case that he was curtailed from performing his usual activities to a great extent during 90 out of the first 180 days immediately following the subject accident (*see Licari v Elliott*, 57 NY2d 230, 236; *Randazzo v Morris*, 269 AD2d 513, 514; *Hausman v Gourville*, 248 AD2d

674; *DiPalma v Villa,* 237 AD2d 323; *Lichtman-Williams v Desmond,* 202 AD2d 646; *Baker v Zelem,* 202 AD2d 617, 618). At trial, the plaintiff "did not detail or even outline in a general fashion [his] inability to perform substantially all of [his] customary daily activities" (*Lebreton v New York City Tr. Auth.,* 267 AD2d 211, 213). Ritter, J.P., Friedmann, Luciano and H. Miller, JJ., concur.