■ Israel Mercado, Respondent, v Jerzy Garbacz et al., Appellants. [792 NYS2d 519]—

In an action to recover damages for personal injuries, the defendants appeal from (1) a judgment of the Supreme Court, Kings County (Kramer, J.), dated February 21, 2003, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $110,200, and (2) an order of the same court dated March 26, 2003, which denied their motion pursuant to CPLR 4404 (a) for judgment in their favor as a matter of law or to set aside the jury verdict as against the weight of the evidence.

Ordered that the order is reversed, on the law, the branch of the motion which was pursuant to CPLR 4404 (a) for judgment in favor of the appellants as a matter of law is granted, the judgment is vacated, and the complaint is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed as academic, in light of our determination on the appeal from the order; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Upon granting the plaintiff every favorable inference from the evidence submitted, there was no rational basis upon which the jury could have found that he sustained a medically determined injury or impairment which prevented him from performing substantially all of the material acts which constituted his usual and customary activities for at least 90 out of the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]; *Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *Godlewska v Niznikiewicz,* 8 AD3d 430, 431 [2004]; *cf. C.K. Rehner, Inc. v Arnell Constr. Corp.,* 303 AD2d 439, 440 [2003]).

The plaintiff testified that he only missed a few days of work and, when asked how his injuries affected his job, he only made some vague statements that he could not "do the things [he] used to do" (*see Randazzo v Morris,* 269 AD2d 513, 514 [2000]; *Lalli v Tamasi,* 266 AD2d 266 [1999]; *Snyder v Perez,* 246 AD2d 526, 527 [1998]). When asked to be more specific, his answer suggested that he had trouble lifting various objects at his workplace such as heavy bags of soil (*see Taber v Skulicz,* 265 AD2d 902, 903 [1999]). Further, although the plaintiff claimed that his neck sometimes hurt when he turned it while driving, or that he felt pain after heavy lifting, he returned to work full-time and continued to perform all of his normal work duties (*see Berk v Lopez,* 278 AD2d 156, 157 [2000]). In addition, the plaintiff's testimony concerning the alleged curtailments of activities outside the workplace was also vague and insubstantial (*see Ingram v Doe,* 296 AD2d 530, 531 [2002]; *Barbarulo v Allery,* 271 AD2d 897 [2000]).

Moreover, the jury found that the plaintiff did not sustain a serious injury "in that there was no significant limitation of use of a body function or system nor was there any permanent consequential limitation of use of a body organ or member."

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 4404 (a) for judgment in their favor as a matter of law, and dismissed the complaint. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.