■ MARILYN RODRIGUEZ, Respondent-Appellant, et al., Plaintiff, v JOSEPH VIRGA et al., Appellants-Respondents. [808 NYS2d 373]—

In an action, inter alia, to recover damages for personal injuries, (1) the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Schneier, J.), entered July 1, 2003, as, upon a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident, and upon the denial of their motion for judgment as a matter of law dismissing the complaint on the ground that the plaintiff Marilyn Rodriguez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), made at the close of the evidence on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $50,000, and (2) the plaintiff Marilyn Rodriguez cross-appeals from a clerk's extract of the trial minutes dated June 6, 2003.

Ordered that the cross-appeal is dismissed, as no appeal lies from a clerk's extract of the trial minutes (*see Rockman v Brosnan,* 280 AD2d 591 [2001]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the defendants' motion is granted, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff Marilyn Rodriguez allegedly was injured when the vehicle she was driving was struck by another vehicle owned by the defendant Joseph Virga and operated by the defendant Jennifer Virga. The plaintiff commenced this action and, following a jury verdict finding the defendants 100% at fault in the happening of the accident, the trial proceeded to the damages phase. Following the close of the evidence, the defendants moved for judgment as a matter of law (*see* CPLR 4404), which the trial court denied. The jury then determined that the plaintiff did not sustain a permanent consequential limitation of use of a body organ or member, or a significant limitation of use of a body function or system, but found that she sustained a medically-determined injury which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180 days immediately following the accident.

The judgment must be reversed, the defendants' motion granted, and the complaint dismissed, because the plaintiff

failed to establish a prima facie case that she sustained an injury under the 90/180-day category of serious injury (see Insurance Law § 5102 [d]). Viewing the evidence in the light most favorable to the plaintiff, no rational jury could have found in her favor on this issue (see Licari v Elliott, 57 NY2d 230 [1982]; Feeney v Klotz, 309 AD2d 782 [2003]; Berman v General Elec. Cap Auto, 300 AD2d 522 [2002]; Crespo v Kramer, 295 AD2d 467, 468 [2002]; Krakofsky v Fox-Rizzi, 273 AD2d 277, 278 [2000]; Randazzo v Morris, 269 AD2d 513, 514 [2000]). It is undisputed that the plaintiff received no medical treatment beyond the fifth or sixth week following her accident. She returned to her job as a letter carrier less than 90 days after the accident, was able to resume her usual functions and activities, and continued to work for approximately one year thereafter.

In light of our determination, we do not reach the defendants' remaining contentions. Crane, J.P., S. Miller, Ritter, and Fisher, JJ., concur.