■ JAMES AMATO, Respondent, v FAST REPAIR INCORPORATED et al., Appellant. [840 NYS2d 394]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Spodek, J.), entered December 29, 2005, which, upon, inter alia, an inquest on the issue of damages, and the denial of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law, is in favor of the plaintiff and against them in the principal sum of $160,000.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed.

To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant must demonstrate that, upon viewing the evidence in the light most favorable to the plaintiff, the plaintiff failed to make out a prima facie case (*see Magidenko v Consolidated Edison,* 3 AD3d 553 [2004]). The court may grant the motion only if there is no rational process by which the fact-finder could find for the plaintiff against the moving defendant (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]). Upon the evidence presented at the inquest, there was no rational process by which the court could find that the plaintiff established that he sustained a serious injury with regard to any of the applicable categories set forth in Insurance Law § 5102 (d) (*see Abbas v Cole,* 44 AD3d 31 [2007] [decided herewith]). Since the plaintiff's expert never attested to the fact that the plaintiff sustained a total loss of use of any of the body parts purportedly injured in the accident, the plaintiff failed to establish that he sustained a "permanent loss of use of a body organ, member, function or system" (Insurance Law § 5102 [d]; *see Oberly v Bangs Ambulance,* 96 NY2d 295, 299 [2001]; *Candia v Omonia Cab Corp.,* 6 AD3d 641, 642 [2004]). Moreover, since it was clear from the testimony of the plaintiff's own expert that the plaintiff's restriction of movement in his shoulders and cervical and lumbar spine was only slight, minor, or mild, the plaintiff failed to establish that he sustained a "significant limitation of use of a body function or system" or a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]; *Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 353 [2002]; *Licari v Elliott,* 57 NY2d 230, 236 [1982]). In

addition, the restrictions of motion found by the plaintiff's expert were not based on a recent examination (*see Laruffa v Yui Ming Lau,* 32 AD3d 996 [2006]). Since the plaintiff acknowledged at the inquest that he missed only one day of work as a result of the accident and thereafter returned to his usual duties, he failed to establish a prima facie case that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury (*see Letellier v Walker,* 222 AD2d 658 [1995]).

In view of our determination, it is not necessary to address the defendants' remaining contentions. Miller, J.P., Ritter, Covello and Balkin, JJ., concur.