■ MARK HAMILTON, Respondent-Appellant, v ERNESTINE ROUSE, Appellant-Respondent. [846 NYS2d 650]—.

In an action, inter alia, to recover damages for personal injuries, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 19, 2006, as denied that branch of her motion which was, in effect, pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against her on the issue of damages, awarding the plaintiff the sums of $46,500 for past pain and suffering and $150,000 for

future pain and suffering and for judgment as a matter of law or, in the alternative, to set aside the verdict on the issue of damages as against the weight of the evidence and for a new trial on that issue, and granted that branch of her motion which was to set aside the award of damages as excessive, only to the extent of granting a new trial on that issue unless the parties executed and filed a written stipulation with the Clerk of the Supreme Court, Kings County, reducing the award for past pain and suffering from the sum of $46,500 to the sum of $30,000, and the award for future pain and suffering from the sum of $150,000 to the sum of $100,000, (2) from an order of the same court dated November 21, 2006, which granted the plaintiff's motion, in effect, to resettle so much of the order dated September 19, 2006, as required both of the parties to execute the stipulation and, upon resettlement, vacated that provision and substituted therefor a provision requiring the stipulation to be executed by the plaintiff only, and (3) from a judgment of the same court entered February 6, 2007, which, upon the jury verdict, upon the denial of her oral application pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, upon the orders dated September 19, 2006, and November 21, 2006, respectively, and upon the plaintiff's stipulation entered December 14, 2006, is in favor of the plaintiff and against her in the principal sums of $30,000 for past pain and suffering and $100,000 for future pain and suffering, and the plaintiff cross-appeals from the order dated September 19, 2006.

Ordered that the appeals from the orders and the cross appeal from the order dated September 19, 2006 are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the orders dated September 19, 2006 and November 21, 2006, respectively, are vacated, the defendant's oral application pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed.

The appeals by the defendant from the intermediate orders and the cross appeal by the plaintiff from the intermediate order dated September 19, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). Although the issues raised on the appeals and the cross appeal from the orders are brought up for review and ordinarily would be considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]), the issues raised have been rendered academic in light of our determination on the appeal from the judgment, and therefore need not be reviewed.

This action arises from a two-car collision which occurred in Brooklyn on April 16, 2002. In his verified complaint, the plaintiff alleged that he sustained personal injuries which met the statutory definition of "serious injury" as set forth in Insurance Law § 5102 (d) and, in his verified bill of particulars, he alleged that he sustained, inter alia, a herniated disc in the cervical spine and a bulging disc in the lumbosacral spine. Following the close of the plaintiff's case, the defendant made an oral application pursuant to CPLR 4401 for judgment as a matter of law on the ground that the plaintiff had failed to establish, prima facie, that he sustained a serious injury. The Supreme Court, in effect, ultimately denied the oral application. The jury thereafter determined that the plaintiff had suffered a permanent consequential limitation of the use of a body organ or member, and had also sustained a medically-determined injury which prevented him from performing substantially all of his daily activities for 90 of the first 180 days immediately following the accident. The Supreme Court denied the defendant's subsequent motion pursuant to CPLR 4404 (a) to set aside the verdict, inter alia, on the ground that the plaintiff failed to establish, prima facie, that his injuries qualified as "serious" under the foregoing two statutory categories.

"A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

Viewing the evidence in the light most favorable to the plaintiff, no rational jury could have found in his favor on the issue of whether he sustained an injury under the "90/180 day" or "permanent consequential limitation" categories, and thus whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d). The plaintiff testified at trial that he missed only one month of work, that he then returned to work on a part-time basis, and that, after another month, he had resumed working on a full-time basis (*see Rodriguez v Virga*, 24 AD3d 650, 650-651 [2005]). The plaintiff further acknowledged

that he was never directed by his treating physician to refrain from working following the accident (*see Pierre v Nanton*, 279 AD2d 621, 622 [2001]).

Moreover, "[a]lthough a bulging or herniated disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d), a plaintiff must provide objective evidence of the extent or degree of the alleged physical limitations resulting from the disc injury and its duration" (*Monette v Keller*, 281 AD2d 523, 523-524 [2001]; *see Diaz v Turner*, 306 AD2d 241, 242 [2003]). In this case, the testimony adduced at trial from the plaintiff's medical expert Dr. Aric Hausknecht failed to satisfy this requirement. Indeed, in addition to his failure to specify the objective means he used to ascertain the plaintiff's cervical and lumbosacral range of motion, Hausknecht acknowledged that "[r]ange of motion is not his problem. He has not lost a lot of motion in his neck or back." Consequently, the trial court should have granted the defendant's oral application pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case.

In light of our determination, we need not address the parties' remaining contentions. Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.