■ FRED NESCI et al., Respondents, v RALPH ROMANELLI et al., Appellants, et al., Defendants. [902 NYS2d 172]—

In an action to recover damages for personal injuries, the defendants Ralph Romanelli and Rebecca Polis appeal from (1) a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered February 5, 2009, which, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiffs' case, upon the denial of their renewed motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of evidence, and upon a jury verdict on the issue of damages awarding the plaintiff Fred Nesci the sums of $25,000 for past pain and suffering, $100,000 for future pain and suffering, $10,000 for past loss of earnings, and $30,000 for future loss of earnings, and awarding the plaintiff Valerie Nesci the sums of $50,000 for past pain and suffering and $250,000 for future pain and suffering, is in favor of the plaintiff Fred Nesci and against them in the principal sum of $165,000, and is in favor of the plaintiff Valerie Nesci in the principal sum of $300,000, and (2) an order of the same court dated June 23, 2009, which denied their motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.

Ordered that the judgment is reversed, on the law, the motion of the defendants Ralph Romanelli and Rebecca Polis pursuant to CPLR 4401 for judgment as a matter of law is granted, the order dated June 23, 2009, is vacated, and the complaint is dismissed insofar as asserted against those defendants; and it is further,

Ordered that the appeal from the order dated June 23, 2009, is dismissed as academic, in light of our determination on the appeal from the judgment; and is further,

Ordered that one bill of costs is awarded to the defendants Ralph Romanelli and Rebecca Polis.

This action arises from a two-car collision which occurred in Nassau County on August 9, 2005. The plaintiffs offered medi-

cal testimony that, as a result of the subject accident, the plaintiff Fred Nesci sustained injuries to the cervical and lumbar regions of his spine and to his left shoulder, and that the plaintiff Valerie Nesci sustained injuries to the cervical and lumbar regions of her spine. At the close of the plaintiffs' case, the appellants moved pursuant to CPLR 4401 for judgment as a matter of law on the ground that neither of the plaintiffs established, prima facie, that they sustained a serious injury. The Supreme Court denied the motion as well as a renewed motion made at the close of all evidence. The jury determined that Fred Nesci sustained a permanent consequential limitation of the use of a body organ or member, and also sustained a medically-determined injury which prevented him from performing substantially all of his daily activities for 90 of the first 180 days immediately following the accident. The jury further determined that, in addition to sustaining a permanent consequential limitation of use of a body organ or member and sustaining a medically-determined injury which prevented her from performing substantially all of her daily activities for 90 of the first 180 days immediately following the accident, Valerie Nesci sustained the permanent loss of use of a body member, function, or system. The Supreme Court denied the appellants' post-verdict motion pursuant to CPLR 4404 (a) to set aside the jury verdict, inter alia, on the ground that the plaintiffs failed to establish, prima facie, that their injuries qualified as "serious" under the foregoing categories.

Viewing the evidence in the light most favorable to the plaintiffs, there was no rational process by which the jury could find that either plaintiff established that he or she sustained a serious injury with regard to any of the categories set forth in Insurance Law § 5102 (2) (*see Abbas v Cole*, 44 AD3d 31 [2007]; *Amato v Fast Repair Inc.*, 42 AD3d 477 [2007]). Notably, Valerie Nesci acknowledged in her trial testimony that she returned to her usual job six to eight weeks after the accident (*see Hamilton v Rouse*, 46 AD3d 514 [2007]; *Amato v Fast Repair Inc.*, 42 AD3d at 478). Moreover, neither plaintiff proffered any evidence he or she was unable to perform substantially all of his or her daily activities for 90 days during the 180 days immediately following the accident (*see Hamilton v Rouse*, 46 AD3d at 516-517). The plaintiffs also failed to establish, prima facie, that either of them sustained a serious injury under the permanent consequential limitation of use category of Insurance Law § 5102 (d), since the medical evidence which they submitted at trial was not based on a recent examination (*see Blasse v Laub*, 65 AD3d 509, 510 [2009]). Finally, since Valerie Nesci's treating orthopedist never testified that she sustained a total loss of use

of any of the body parts which she allegedly injured in the subject motor vehicle accident, Valerie Nesci failed to establish that she sustained a "permanent loss of use of a body organ, member, function or system" (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 297-299 [2001]; *Amato v Fast Repair Inc.*, 42 AD3d at 477).

Consequently, the Supreme Court should have granted the appellants' motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiffs' case.

In light of our determination, we need not address the parties' remaining contentions. Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.