(October 12, 2010)

DAVID ADLER et al., Respondents, v PINCUS BAYER et al., Appellants. [909 NYS2d 526]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Rockland County (Nelson, J.), entered October 1, 2009, which, upon a jury verdict and upon, in effect, the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiffs' case, is in favor of the plaintiffs and against them, in the principal sum of $30,000 for past pain and suffering and $300,000 for future pain and suffering.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed.

This action arises from a one-car collision which occurred on the Palisades Parkway in New Jersey on November 6, 2005. Following the close of the plaintiffs' case, the defendants made a motion pursuant to CPLR 4401 for judgment as a matter of law on the ground that the injured plaintiff David Adler (hereinafter the plaintiff) had failed to establish, prima facie, that he sustained a serious injury, within the statutory definition, as a result of the subject accident. The Supreme Court, in effect, denied the motion. The jury thereafter determined that the plaintiff had suffered a permanent consequential limitation of the use of a body organ or member.

"A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Hamilton v Rouse*, 46 AD3d 514, 516 [2007]; *Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

Viewing the evidence in the light most favorable to the plaintiff, no rational jury could have found in his favor on the issue of whether he sustained an injury under the "permanent consequential limitation category" of Insurance Law § 5102 (d). The plaintiff failed to establish that he sustained an injury which falls within that category. The plaintiff was required to

show the duration of the alleged injury and the extent or degree of the limitations associated therewith (*see Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]), which he failed to do. Accordingly, the Supreme Court should have granted the defendants' motion for judgment as a matter of law, made at the close of the plaintiffs' case. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.