■ MICHAEL LANZARONE, Plaintiff, and GENEVIEVE LANZARONE et al., Respondents, v SAMANTHA GOLDMAN, Appellant, et al., Defendant. [915 NYS2d 144]—

In an action to recover damages for personal injuries, the defendant Samantha Goldman appeals from a judgment of the Supreme Court, Kings County (Bailey-Schiffman, J.), entered August 6, 2009, which, upon the granting of the motion of the plaintiffs Genevieve Lanzarone and Emily Schiralli pursuant to CPLR 4401 for judgment as a matter of law as to liability on the issue of whether either of those plaintiffs had sustained a serious injury within the 90/180-day category of serious injury under Insurance Law § 5102 (d), and upon a jury verdict on the issue of damages, is in favor of those plaintiffs and against her in the principal sum of $40,000.

Ordered that the judgment is reversed, on the law, with costs,

the motion of the plaintiffs Genevieve Lanzarone and Emily Schiralli pursuant to CPLR 4401 for judgment as a matter of law as to liability on the issue of whether either of those plaintiffs had sustained a serious injury within the 90/180-day category of serious injury under Insurance Law § 5102 (d) is denied, and the complaint is dismissed.

On August 15, 2005, the plaintiffs Michael Lanzarone, Genevieve Lanzarone (hereinafter Genevieve), and Emily Schiralli were injured in a three-car chain collision at the Verrazano Bridge toll plaza. The plaintiffs commenced this action to recover damages for personal injuries against the drivers of the two trailing vehicles. The action eventually was discontinued as to one of the drivers, and proceeded to trial on the issue of damages against the other driver, the defendant Samantha Goldman (hereinafter the defendant).

Schiralli, who was 80 years old at the time of trial, testified that she continued to experience pain in her neck as a result of the injuries she sustained in the accident, and that she could not stretch and bend because it "bother[ed]" her neck to do so. She also testified that she was unable to lift things, or reach up high in order to hang curtains. Although Schiralli acknowledged that she was still able to do her own grocery shopping, she stated that she needed to make two trips, rather than one, to get all of the items she needed, and that she had to go slowly. Schiralli further testified that while she was able to run up the stairs to her apartment prior to the accident, she could now only walk up slowly and had to hold onto the banister. Genevieve, a mother who was not employed outside of the home, testified that she continued to experience pain in her lower back as a result of the injuries she sustained in the accident. She also walked and performed her household chores more slowly than she had prior to the accident, and needed to take breaks when walking and performing chores. However, she admitted that she nevertheless continued to perform all of her household chores, and that she had not completely stopped any of her usual activities.

At the close of the evidence, the Supreme Court informed the defendant's attorney that it would not grant a motion to dismiss the complaint upon the ground that the plaintiffs failed to make a prima facie showing that they had sustained serious injuries within the meaning of Insurance Law § 5102 (d). Over the defendant's objection, the Supreme Court then granted the motion of Genevieve and Schiralli pursuant to CPLR 4401 for judgment as a matter of law as to liability on the issue of whether either of them had sustained a medically determined injury which prevented them from "performing substantially all of the

material acts which constitute[d] [their] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). The jury thereafter returned a verdict finding that Genevieve and Schiralli had each sustained damages in the sum of $20,000, and a judgment was entered in those principal amounts. The jury found that the third plaintiff, Michael Lanzarone, had not sustained a serious injury within the meaning of Insurance Law § 5102 (d), and he is not a party to this appeal. We reverse the judgment entered in favor of Genevieve and Schiralli (hereinafter together the plaintiffs) and dismiss the complaint.

Viewing the evidence in the light most favorable to the plaintiffs, we conclude that no rational jury could have found that either of the plaintiffs had sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Nesci v Romanelli*, 74 AD3d 765, 766 [2010]; *Hamilton v Rouse*, 46 AD3d 514, 516-517 [2007]; *Rodriguez v Virga*, 24 AD3d 650, 652 [2005]). In order to establish serious injury under this prong of the statute, the plaintiff must establish that he or she "has been curtailed from performing his [or her] usual activities to a great extent" (*Licari v Elliott*, 57 NY2d 230, 236 [1982]). Here, the plaintiffs presented no evidence that the injuries they suffered as a result of this accident curtailed them from performing their usual and customary activities to a great extent for the requisite 90/180-day period. Rather, the testimony established only that, at the time of trial, the plaintiffs were unable to perform their usual and customary activities as easily as they had before the accident, and that they suffered pain when performing those tasks. Consequently, the Supreme Court erred not only in directing a verdict in favor of the plaintiffs under the 90/180-day category of serious injury of Insurance Law § 5102 (d), but also by, in effect, refusing to dismiss the complaint insofar as it was based on that category of serious injury (*see Gaddy v Eyler*, 79 NY2d 955, 958 [1992]; *Licari v Elliott*, 57 NY2d at 236; *Nesci v Romanelli*, 74 AD3d at 766; *Hamilton v Rouse*, 46 AD3d at 516-517; *Mercado v Garbacz*, 16 AD3d 631, 632 [2005]; *Crane v Richard*, 180 AD2d 706, 707 [1992]). Florio, J.P., Balkin, Eng and Leventhal, JJ., concur.