◾ MICHAEL D. PARISE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [941 NYS2d 868]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), dated July 29, 2010, which, upon a jury verdict in favor of the plaintiff, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiff and against it in the principal sum of $608,000.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law is granted, and the complaint is dismissed.

Viewing the evidence in the light most favorable to the plaintiffs, no rational jury could have found that the plaintiff sustained a serious injury under the "90/180-day" category of Insurance Law § 5102 (d) (*see Lanzarone v Goldman*, 80 AD3d 667, 669 [2011]; *Nesci v Romanelli*, 74 AD3d 765, 766 [2010]). In order to establish a serious injury under this prong of the statute, the plaintiff must establish that he or she "has been curtailed from performing his [or her] usual activities to a great extent" during 90 of the 180 days immediately following the subject accident (*Licari v Elliott*, 57 NY2d 230, 236 [1982]; *see* Insurance Law § 5102 [d]). Here, the plaintiff failed to present evidence showing that the injuries that he suffered as a result of this accident curtailed him from performing his usual and customary activities to a great extent for the requisite period (*see Lanzarone v Goldman*, 80 AD3d at 669; *Nesci v Romanelli*, 74 AD3d at 766; *Hamilton v Rouse*, 46 AD3d 514, 516-517 [2007]; *Rodriguez v Virga*, 24 AD3d 650, 652 [2005]; *Mercado v Garbacz*, 16 AD3d 631, 632 [2005]; *Berman v General Elec. Cap Auto*, 300 AD2d 522 [2002]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.