*626 In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Kramer, J.), dated June 23, 2011, which, inter alia, denied that branch of his motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against him on the issue of damages finding that the plaintiff did sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and for judgment as a matter of law, and (2) a judgment of the same court dated August 11, 2011, which, upon an order of the same court (Solomon, J.) dated February 5, 2009, granting the plaintiffs motion for summary judgment on the issue of liability, upon the order dated June 23, 2011, and upon the jury verdict, is in favor of the plaintiff and against him in the principal sum of $450,000.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is reversed, on the law, that branch of the defendant’s motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages and for judgment as a matter of law is granted, the complaint is dismissed, and the order dated June 23, 2011, is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the defendant.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff allegedly was injured when the vehicle he was driving was struck in the rear by a vehicle owned and operated by the defendant. The plaintiff commenced this action against the defendant to recover damages allegedly sustained as a result of the defendant’s negligence.
After the Supreme Court granted the plaintiffs motion for summary judgment on the issue of liability, a trial was held on the issue of damages. The plaintiff testified that he sustained injuries to his neck and back as a result of the accident, and that he sought treatment with an orthopedic surgeon and a physical therapist. After the trial, the jury returned a verdict finding that, as a result of the accident, the plaintiff sustained a serious injury due to (1) a significant limitation of use of a body *627 function or system, (2) a permanent, consequential limitation of use of a body organ or member, and (3) a medically determined injury or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts constituting his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The defendant moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, arguing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court, inter alia, denied that branch of the motion.
“A motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial” (Linson v City of New York, 98 AD3d 1002, 1002-1003 [2012], lv denied 20 NY3d 855 [2013]; see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Courtney v Port Auth. of N.Y & N.J., 45 AD3d 801, 802 [2007]). When presented with such a motion, “the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant” (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see Flynn v Elrac, Inc., 98 AD3d 938, 939 [2012]).
Here, based on the evidence presented at the trial, there was no valid line of reasoning and permissible inferences which could possibly have led the jury to rationally conclude that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The evidence did not establish that the plaintiffs injuries satisfied the “significant limitation of use” or “permanent consequential limitation” categories with respect to finding a serious injury under Insurance Law § 5102 (d) (see Kilakos v Mascera, 53 AD3d 527, 528 [2008]; Hamilton v Rouse, 46 AD3d 514 [2007]). “Although a bulging or herniated disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d), a plaintiff must provide objective evidence of the extent or degree of the alleged physical limitations resulting from the disc injury and its duration” (Diaz v Turner, 306 AD2d 241, 242 [2003] [internal quotation marks omitted]; see Rivera v Bushwick Ridgewood Props., Inc., 63 AD3d 712, 713 [2009]; Jules v Calderon, 62 AD3d 958, 959 [2009]; Casco v Cocchiola, 62 AD3d *628 640, 641 [2009]). The testimony adduced from the plaintiffs doctor and physical therapist did not fulfill the objective-evidence requirement since those witnesses did not provide any explanation as to what objective tests were used to make their determinations that the plaintiff suffered from a limitation in the range of motion of his spine (see Candía v Omonia Cab Corp., 6 AD3d 641, 643 [2004]; see e.g. Catalano v Kopmann, 73 AD3d 963 [2010]; Niles v Lam Pakie Ho, 61 AD3d 657, 659 [2009]). In addition, the plaintiff failed to fulfill the permanency requirement of the permanent consequential limitation category, as the medical evidence he submitted at trial was not based on a recent examination (see Estrella v GEICO Ins. Co., 102 AD3d 730 [2013]; Nesci v Romanelli, 74 AD3d 765, 766 [2010]).
Moreover, the plaintiff testified that, after the subject accident, he only missed five days of work before returning full time, and was not confined to his home or bed for any period following the accident. Further, he did not proffer any evidence that he was unable to perform substantially all of his daily activities for 90 days during the 180-day period immediately following the accident. Consequently, the plaintiff also failed to establish that he sustained a serious injury under the “90/180” category (see Nunez v Motor Veh. Acc. Indem. Corp., 96 AD3d 917, 919 [2012]; Parise v New York City Tr. Auth., 94 AD3d 839, 840 [2012]; Lanzarone v Goldman, 80 AD3d 667, 669 [2011]; Nesci v Romanelli, 74 AD3d at 766).
Accordingly, the Supreme Court should have granted that branch of the defendant’s motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law.
In light of our determination, we need not address the defendant’s remaining contentions. Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.