Jose B. Martinez, Respondent, 
against
John T. Keenan, Appellant.




Richard T. Lau & Associates (Christine A. Hilcken of counsel), for appellant.
Zimmerman Law, P.C. (Gary R. Novins of counsel), for respondent.

Appeal from an order of the Suffolk County Court (C. Stephen Hackeling, J.) entered October 31, 2017. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as is predicated on plaintiff having sustained (1) a permanent loss of use of a body organ, member, function, or system, and (2) a medically determined injury of a nonpermanent nature which prevented him, for at least 90 of the 180 days immediately after the accident in question, from performing his usual and customary activities, are granted; as so modified, the order is affirmed, without costs.
Plaintiff commenced this action in the Supreme Court, Suffolk County, to recover for personal injuries allegedly sustained in a motor vehicle accident. The action was subsequently transferred to the Suffolk County Court pursuant to CPLR 325 (d). Defendant appeals from an order of the County Court which denied his motion for summary judgment dismissing the complaint.
Plaintiff alleged in his bill of particulars that his injuries constituted a "serious injury" within the meaning of Insurance Law § 5102 (d) in that plaintiff sustained (1) a permanent loss of use of a body organ, member, function or system; (2) a permanent consequential limitation of use of a body organ or member; (3) a significant limitation of use of a body function or system; and (4) a medically determined injury or impairment of a nonpermanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.
In support of defendant's motion for summary judgment dismissing the complaint on the [*2]ground that plaintiff had not sustained a serious injury, defendant submitted an affirmed report by Dr. Kelman, a medical doctor who had performed an independent medical examination of plaintiff. The doctor stated therein that he had reviewed plaintiff's medical records and conducted range of motion tests on plaintiff and found that plaintiff had normal range of motion. The medical report, which did not address causation, concluded that plaintiff had not sustained a serious injury. Defendant also submitted a transcript of plaintiff's deposition wherein he admitted that he had been out of work and at home for only two days following the accident. Consequently, defendant's moving papers established, prima facie, that plaintiff had not sustained a serious injury (see Kearse v New York City Tr. Auth., 16 AD3d 45, 49-50 [2005]["A defendant who submits admissible proof that the plaintiff has a full range of motion, and that she or he suffers from no disabilities causally related to the motor vehicle accident, has established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d)"]). The burden then shifted to plaintiff to raise a triable issue of fact (see Gaddy v Eyler, 79 NY2d 955 [1992]; Grossman v Wright, 268 AD2d 79, 83-84 [2000]).
Plaintiff successfully raised an issue of fact with respect to two of the four serious injury categories alleged: permanent consequential limitation of use of a body organ or member, and significant limitation of use of a body function or system. Plaintiff submitted an affirmation by Dr. Buurma, plaintiff's treating physician, wherein he found, from his examination of plaintiff more than three years after the accident, that plaintiff did not have normal ranges of motion, as they had been diminished by specified degrees; that plaintiff suffered from herniated discs; and that plaintiff had a permanent partial spinal disability of 30%, all of which were causally related to the accident. We note that, contrary to defendant's argument, plaintiff was not required to submit a contemporaneous examination to raise a triable issue of fact (see Perl v Meher, 18 NY3d 208, 218 [2011]).
With respect to the "permanent loss of use" category of the serious injury statute, however, plaintiff failed to raise an issue of fact. The Court of Appeals has held that "to qualify as a serious injury within the meaning of [Insurance Law § 5102 (d)], 'permanent loss of use' must be total" (Oberly v Bangs Ambulance, 96 NY2d 295, 299 [2001]). Plaintiff has not alleged any permanent total loss of use.
The final serious injury category that plaintiff alleges is "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). In order to demonstrate a serious injury in the 90/180 category, plaintiff had to be "unable" to perform such tasks, not simply "unable to perform their usual and customary activities as easily as [he] had before the accident" (Lanzarone v Goldman, 80 AD3d 667, 669 [2011] [emphasis added]). The Court of Appeals has stated that, with respect to the 90/180 category, " 'substantially all' should be construed to mean that the person has been curtailed from performing his usual activities to a great extent rather than some slight curtailment" (Licari v Elliot, 57 NY2d 230, 236 [1982]). Here, plaintiff merely alleged that he had missed two days of work, that he had difficulty performing tasks, and that there was one customary activity—recreational walks—he could no longer perform at all. Consequently, plaintiff failed to raise an issue of fact with respect to the [*3]90/180 serious injury category.
Defendant's remaining contentions are without merit.
Accordingly, the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as is predicated on plaintiff having sustained (1) a permanent loss of use of a body organ, member, function, or system, and (2) a medically determined injury of a nonpermanent nature which prevented him, for at least 90 of the 180 days immediately after the accident in question, from performing his usual and customary activities, are granted.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 28, 2019