■ KAREN SECOR et al., Appellants, v LOIS M. O'DELL, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Dutchess County (Benson, J.), entered September 19, 1986, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) as limited by their brief, from so much of an order of the same court, entered November 21, 1986, as upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered September 19, 1986, is dismissed, as that order was superseded by the order entered November 21, 1986, made upon reargument; and it is further,

Ordered that the order entered November 21, 1986, is reversed insofar as appealed from, the order entered September 19, 1986, is vacated, and the defendant's motion is denied; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

On December 22, 1983, the plaintiff Karen Secor (hereinafter Secor) and the defendant were involved in a two-vehicle accident. Secor alleges that she was injured as a result of the accident and thereafter could not return to her employment or resume her normal household chores. The plaintiffs commenced the instant action claiming that Secor had suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). Thereafter, the Supreme Court granted the defendant's motion for summary judgment, finding that the evidence adduced by the plaintiffs in their opposition papers was insufficient to establish that Secor had sustained a serious injury within the meaning of Insurance Law § 5102 (d). We disagree.

In support of her argument that she has made a prima facie showing of serious injury, Secor contends that she met the requirement of Insurance Law § 5102 (d) by proving that she suffered a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (see, Insurance Law § 5102 [d]).

In the statutory definition of "serious injury", "the words 'substantially all' should be construed to mean that the person has been curtailed from performing his usual activities to a great extent rather than some slight curtailment" (Licari v Elliott, 57 NY2d 230, 236). Applying that rule, based upon the evidence, Secor has at least raised a factual question sufficient

to proceed to trial as to her inability to perform substantially all of the acts constituting her usual and customary daily activities during the period in question *(see, Greco v Five Five Garage Corp.,* 123 AD2d 422; *Sole v Kurnik,* 119 AD2d 974).

However, we note that Secor has failed to sustain her alternative claim of "serious injury" under Insurance Law § 5102 (d) in that she failed to establish, as a matter of law, that she had suffered a "significant limitation" of a bodily function or system *(see, Grotzer v Levy,* 133 AD2d 67, 68, *lv denied* 70 NY2d 611; *Hezekiah v Williams,* 81 AD2d 261). Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.