■ LEONARD F. STALLONE et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants, et al., Defendant. [618 NYS2d 445] —In an action to recover damages for personal injuries, etc., the defendant William Arteca, and the defendants County of Suffolk, Suffolk County Police Department, and Robert S. Cooke, separately appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 13, 1993, which denied their separate motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint is dismissed.

The plaintiffs failed to establish that the plaintiff Leonard F. Stallone sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). The only recent medical evidence submitted by the plaintiffs in opposition to the motions for summary judgment, an affidavit attested to by Dr. Frank Oliveto, revealed that Mr. Stallone sustained a sprain to the cervical spine with an unspecified degree of restriction of cervical motion. This affidavit was insufficient to establish that Stallone suffered either "permanent loss of use of a body organ, member, function or system" or "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; see, Tipping-Cestari v Kilhenny, 174 AD2d 663, 664). The mere use of the words "permanent" and "significant limitation" in the affidavit, which in this case was tailored to meet the statutory requirement, is insufficient to establish "serious injury" (see, Gaddy v Eyler, 79 NY2d 955; Lopez v Senatore, 65 NY2d 1017, 1019). Mangano, P. J., Lawrence, Krausman and Goldstein, JJ., concur.