■ FANELISE JEAN-MEHU, Respondent, v ROBERT R. BERBEC, Appellant. [626 NYS2d 274] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated December 16, 1993, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not suffer a serious injury as defined in Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

The defendant submitted proof in admissible form which established that the plaintiff had not suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). The burden thus shifted to the plaintiff to demonstrate the existence of a triable issue of fact (see, Gaddy v Eyler, 79 NY2d 955).

The plaintiff failed to meet this burden. The only medical evidence submitted by the plaintiff in opposition to the defendant's motion was an affidavit from her chiropractor which was conclusory in nature, did not specify any quantifiable limitation on the plaintiff's abilities, and did not specify what tests he performed on the plaintiff (see, Gaddy v Eyler, 79 NY2d 955, 956-957, supra; Lopez v Senatore, 65 NY2d 1017, 1019; Stallone v County of Suffolk, 209 AD2d 403; DuMont v Sandhir, 201 AD2d 450; McHaffie v Antieri, 190 AD2d 780).

Although the plaintiff testified at her examination before trial that she was confined to bed for the four month period following the accident, she did not testify as to what her "customary daily activities" were *(see,* Insurance Law § 5102 [d]), nor did she submit an affidavit detailing the same.

Accordingly, the order appealed from should be reversed and the defendant's motion for summary judgment granted. Bracken, J. P., Rosenblatt and Krausman, JJ., concur.

Goldstein, J., dissents and votes to affirm the order appealed from in the following memorandum. In her bill of particulars, the plaintiff asserted that she "was confined to bed and house from 6/22/87 to 10/12/87 except for visits to the doctor for treatment".

In support of his motion for summary judgment, the defendant submitted a copy of the plaintiff's testimony at an examination before trial. The plaintiff testified that, at the time of the accident, she had just graduated from the State University of New York at Plattsburgh, and was in the process of applying for post-graduate work. On the date of the accident, she was driving to an interview at a hospital laboratory. She testified that after the accident, she was confined to bed for four months. During that period, she stayed with her parents and "had everything mostly done for me. I couldn't sweep, I couldn't do anything like that". In opposition to the motion, she submitted an affidavit from her treating chiropractor in which he stated that based upon an examination of the plaintiff and X-rays, he concluded that she suffered from a "Cervical-Cranial Syndrome" which prevented her from working from June 22, 1987 through October 12, 1987.

I conclude that the plaintiff's testimony at her examination before trial and the chiropractor's affidavit established an issue of fact as to whether the plaintiff's injury prevented her from "performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). There is an issue of fact as to whether the plaintiff was restricted to bedrest and could not even do routine housework during the four-month period following the accident *(see, Williams v Omera,* 190 AD2d 618; *Gleissner v LoPresti,* 135 AD2d 494; *Secor v O'Dell,* 136 AD2d 618).

Accordingly, the defendant's motion was properly denied.