■ MAUREEN DONNELLY, as Administrator of the Estate of JOANNE DONNELLY, Deceased, et al., Plaintiffs, v NEALE KURLANDER et al., Defendants. (Action No. 1.) ANNE L. CONNOR et al., Plaintiffs, v NEALE KURLANDER, Defendant. (Action No. 2.) NEALE KURLANDER, Appellant, v ANNE L. CONNOR et al., Respondents. (Action No. 3.) [633 NYS2d 342] —In three actions to recover damages for personal injuries, the plaintiff in Action No. 3 Neale Kurlander appeals from (1) so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated January 26, 1994, as granted the motion of the defendants in Action No. 3 Anne L. Connor and William Connor for summary judgment dismissing the complaint, and (2) an order of the same court, dated October 26, 1994, which denied the plaintiff's motion for renewal.

Ordered that the order dated January 26, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 26, 1994, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In Action No. 3, the defendants Anne L. Connor and William Connor submitted proof in admissible form which established that the plaintiff Neale Kurlander had not suffered a "[s]erious injury" within the meaning of Insurance Law § 5102 (d). The burden thus shifted to the plaintiff to demonstrate the existence of a triable issue of fact (see, *Gaddy v Eyler*, 79 NY2d 955).

The plaintiff failed to meet this burden. The only medical evidence submitted by the plaintiff in opposition to the defendants' motion was an affirmation from an orthopedic surgeon which was conclusory in nature, did not specify any quantifiable limitation on the plaintiff's abilities, and did not specify what tests he performed on the plaintiff *(see, Gaddy v Eyler, supra,* at 955-957; *Lopez v Senatore,* 65 NY2d 1017, 1019; *Stallone v County of Suffolk,* 209 AD2d 403; *McHaffie v Antieri,* 190 AD2d 780).

The court did not err in denying the plaintiff's motion for renewal since the allegedly new evidence submitted by the plaintiff was available or obtainable upon the original motion *(see,* CPLR 2221; *Bulis v Di Lorenzo,* 142 AD2d 707, 708). Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.