■ CHRISTOPHER C. HORAN, Appellant, v MICHAEL MIRANDO et al., Respondents. [633 NYS2d 402] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), dated July 25, 1994, which granted the defendants' respective motions for summary judgment and dismissed the complaint upon the ground that the plaintiff did not sustain a "serious injury" as defined by Insurance Law § 5102 (d).

Ordered that the order and judgment is affirmed, with one bill of costs.

On the morning of June 4, 1991, the plaintiff was injured in an automobile accident. After the accident, the plaintiff was treated at a hospital emergency room for neck and back pain, and was given a neck brace to wear and instructed to rest and take Tylenol. Three weeks later, the plaintiff returned to work at his home improvement contracting business. Although the plaintiff subsequently sought treatment for headaches and soreness, he last visited his physician for follow-up care approximately four months after the accident.

Contrary to the plaintiff's contention, the Supreme Court properly concluded that he had not suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). In support of their respective motions for summary judgment, the defendants submitted a report of the plaintiff's treating physician which

found no abnormalities of the plaintiff's cervical spine and indicated only that "the right median nerve * * * conduction is mildly slow, which suggests a mild entrapment of the median nerve across the carpal tunnel". This evidence was sufficient to establish a *prima facie* case that the plaintiff had not sustained a serious injury, and the burden thus shifted to the plaintiff to demonstrate the existence of a triable issue of fact *(see, Gaddy v Eyler,* 79 NY2d 955; *Jean-Mehu v Berbec,* 215 AD2d 440). The plaintiff failed to sustain that burden.

Although the plaintiff submitted evidence indicating that he continues to suffer from mild carpal tunnel syndrome with resultant pain and numbness in his hands, there is no indication that this condition resulted in anything more than "a minor, mild or slight limitation of use [which] should be classified as insignificant within the meaning of the statute" *(Licari v Elliott,* 57 NY2d 230, 236; *see, Short v Shawn,* 188 AD2d 815). Moreover, while the plaintiff's former treating physician indicated that the plaintiff was unable to perform hammering and nailing work for four months after the accident, the plaintiff was admittedly able to resume work at his home improvement business three weeks after the accident. Under these circumstances, the plaintiff failed to raise an issue of fact as to whether his injuries prevented him from performing substantially all of his usual and customary activities for at least 90 of the 180 days following the accident *(see, Licari v Elliott, supra; Georgia v Ramautar,* 180 AD2d 713). Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.