■ JOSEPH DiPALMA, Respondent, v REINA VILLA et al., Appellants. [655 NYS2d 444] —In an action to recover damages for

personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Lerner J.), entered August 1, 1996, which, upon the denial of their motion to set aside the jury verdict, is in favor of the plaintiff and against them in the principal sum of $40,000.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

Although the plaintiff, a police officer, was out of work for three days following his automobile accident on January 14, 1992, the record shows that he returned to light duty on January 17, 1992, and to full duty in March 1992. Further, the record is devoid of any other evidence confirming any significant curtailment of the plaintiff's daily activities following the accident. Thus, the plaintiff failed to show that he suffered a "medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury" (Insurance Law § 5102 [d]) as a result of the automobile accident (*see, Horan v Mirando*, 221 AD2d 506; *De Filippo v White,* 101 AD2d 801; *see also, Licari v Elliott,* 57 NY2d 230; *Georgia v Ramautar,* 180 AD2d 713). Since the plaintiff did not suffer a "serious injury" the defendants' motion to set aside the verdict should have been granted, the plaintiff's proof being jurisdictionally defective (*see,* Insurance Law § 5104 [a]; *Licari v Elliott, supra*). O'Brien, J. P., Thompson, Joy and Florio, JJ., concur.