■ GISELLE PEROTTE, an Infant, by Her Mother and Natural Guardian, ETHELMA HARPER, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [673 NYS2d 442] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Goldberg, J.), dated June 12 1997, which granted the motion of the defendants New York City Transit Authority and Wesley Dias for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the separate motion of the defendants City of New York, New York City Department of Transportation and Vincent DiPolo for summary judgment dismissing the complaint insofar as assserted against them.

Ordered that the order is affirmed, with one bill of costs, payable by the respondents appearing separately and filing separate briefs.

In support of their respective motions for summary judgment, the defendants submitted the sworn reports of their examining physicians which indicated that the infant plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). Accordingly, the defendants established, prima facie, that the infant plaintiff's injuries were not serious (*see, Licari v Elliott*, 57 NY2d 230). The only recent medical evidence submitted by the plaintiffs in opposition to the motions for summary judgment alleged that the cervical and lumbar spines of the infant plaintiff sustained limitations of motion, but failed to specify the extent or degree of the limitation. Thus, the plaintiffs' evidence was insufficient to raise a triable issue of fact as to whether the infant plaintiff had sustained either a permanent loss or a significant limitation of use of a body function or system (*see, Wilkins v Cameron*, 214 AD2d 557; *Stallone v County of Suffolk*, 209 AD2d 403; *Lichtman-Williams v Desmond*, 202 AD2d 646). The mere use of the word "permanent" in the plaintiffs supporting medical affidavits, which were tailored to meet the statutory requirement, is insufficient to establish the existence of a serious injury as defined in the statute (*see, Gaddy v Eyler*, 79 NY2d 955; *Lopez v Senatore*, 65 NY2d 1017, 1019).

The plaintiffs' remaining contention is without merit (see, Horan v Mirando, 221 AD2d 506; Nunez v Dabrowski, 185 AD2d 269). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.