■ CAROLYN INGRAM, Respondent, et al., Plaintiffs, v JULIO DOE, Defendant, and PASCO CONSTRUCTION, Appellant. [745 NYS2d 215] —In an action to recover damages for personal injuries, the defendant Pasco Construction appeals from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated August 28, 2001, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Carolyn Ingram on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant by the plaintiff Carolyn Ingram on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted,

and the complaint insofar as asserted against the appellant by the plaintiff Carolyn Ingram is dismissed.

Upon the appellant's prima facie showing of entitlement to summary judgment as a matter of law on the ground that the plaintiff Carolyn Ingram did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the burden shifted to Ingram to submit sufficient admissible evidence to raise a triable issue of fact (*see* CPLR 3212 [b]; *Gaddy v Eyler,* 79 NY2d 955; *Grossman v Wright,* 268 AD2d 79). The affidavits of Ingram's treating chiropractors failed to set forth any objective evidence to support her allegation that pre-existing injuries were exacerbated by and causally related to the subject accident (*see Napoli v Cunningham,* 273 AD2d 366; *Vitale v Carson,* 258 AD2d 647; *Nadrich v Woodcrest Country Club,* 250 AD2d 827).

Moreover, in light of Ingram's admission that she returned to work at two full-time jobs within two months of the accident, the conclusory allegation in her affidavit that she was forced to curtail recreational and household activities was insufficient to demonstrate that she sustained a medically determined injury or impairment which prevented her from performing substantially all of the material acts constituting her normal daily activities for not less than 90 of the first 180 days following the accident (*see* Insurance Law § 5102 [d]; *Lauretta v County of Suffolk,* 273 AD2d 204; *DiPalma v Villa,* 237 AD2d 323). Accordingly, the Supreme Court erred in denying that branch of the appellant's motion which was for summary judgment against the plaintiff Carolyn Ingram. Altman, J.P., Feuerstein, Friedmann, Schmidt and Townes, JJ., concur.