■ GREGORY CANTAVE, Respondent, v JERRY GELLE, Defendant, and MUSTAFFA ABU-BAKER et al., Appellants. [877 NYS2d 129]—

In an action to recover damages for personal injuries, the defendants Mustaffa Abu-Baker and Milan Cab Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dorsa, J.), dated June 11, 2008, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Mustaffa Abu-Baker and Milan Cab Corp. for summary judgment dismissing the complaint insofar as asserted against them is granted.

The moving defendants submitted an affirmation of their examining physician stating that, based upon his examination of the plaintiff, it was his opinion that the plaintiff did not have any permanent injury, limitation, or restriction. The physician tested the ranges of motion of the plaintiff's cervical and lumbar spines, as well as his shoulders, and found that they were normal. In addition, the physician set forth the details of his measurements as well as the norms that he measured them against. This was sufficient to establish, prima facie, the moving defendants' entitlement to judgment as a matter of law (see Gaddy v Eyler, 79 NY2d 955 [1992]; Luckey v Bauch, 17 AD3d 411 [2005]; Sims v Megaris, 15 AD3d 468 [2005]; Check v Gacevk, 14 AD3d 586 [2005]).

In opposition, the plaintiff failed to raise a triable issue of

fact. Although the plaintiff had seriously injured his back in a motor vehicle accident just two years prior to the instant accident, and he was out of work for two months following that prior accident, neither of the plaintiff's physicians indicated that they reviewed the medical records arising from that prior accident. Accordingly, their conclusions that the plaintiff's injuries and limitations were caused solely by the subject accident were highly speculative (*see Moore v Sarwar*, 29 AD3d 752 [2006]; *Tudisco v James*, 28 AD3d 536 [2006]; *Bennett v Genas*, 27 AD3d 601 [2006]; *Allyn v Hanley*, 2 AD3d 470 [2003]). In addition, the plaintiff testified at his deposition that he went back to work as a field technician for Verizon on the next business day after the accident, which had occurred on a weekend, and that he was not homebound or bedridden as a result of the accident, which demonstrated that his injuries did not prevent him from performing substantially all of the material acts constituting his usual and customary daily activities during at least 90 out of the first 180 days following the accident (*see Geliga v Karibian, Inc.*, 56 AD3d 518 [2008]; *Sanchez v Williamsburg Volunteer of Hatzolah, Inc.*, 48 AD3d 664 [2008]). The plaintiff's current complaints, as set forth in his affidavit, while suggestive of discomfort, do not suggest the inability to perform substantially all of his usual and customary daily activities (*see Ingram v Doe*, 296 AD2d 530 [2002]; *Berk v Lopez*, 278 AD2d 156 [2000]; *Barbarulo v Allery*, 271 AD2d 897 [2000]; *Taber v Skulicz*, 265 AD2d 902 [1999]).

Accordingly, the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.