■ NANCY HALL et al., Respondents, v SETH C. HECHT et al., Appellants. [938 NYS2d 469]—

The defendants met their prima facie burden of establishing that the plaintiff Nancy Hall (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiffs alleged, inter alia, that as a result of the subject accident, the injured plaintiff's left shoulder sustained certain injuries. The defendants submitted competent medical evidence establishing, prima facie, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and, in any event, were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, the plaintiffs failed to provide a reasonable explanation for a cessation of the injured plaintiff's medical treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Pou v E&S Wholesale Meats, Inc.*, 68 AD3d 446, 447 [2009]), and failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.