■ MOHAMMED Z. ISLAM, Appellant, v APJEET SINGH MAKKAR et al., Respondents. [944 NYS2d 897]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), entered May 13, 2011, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, he sustained injuries to the cervical and lumbar regions of his spine, as well as his right knee and right shoulder. The defendants provided competent medical evidence establishing, inter alia, prima facie, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Cantave v Gelle*, 60 AD3d 988 [2009]; *Morris v Edmond*, 48 AD3d 432 [2008]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

In opposition, the plaintiff failed to provide a reasonable explanation for a cessation of his medical treatment, rendering his treating physicians' conclusions regarding causation speculative (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Hall v Hecht*, 92 AD3d 721 [2012]), and, thus, failed to raise a triable issue of fact. In addition, the plaintiff testified at his deposition that he returned to work as a cab driver two weeks after the accident, which, under the circumstances, demonstrated that his injuries did not prevent him from performing substantially all of the material acts constituting his usual and customary daily activities during at least 90 out of the first 180 days following the accident (*see Cantave v Gelle*, 60 AD3d at 989; *Scott v Hing Chee Leung*, 287 AD2d 612 [2001]). Accordingly, the Supreme Court correctly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.