Hwang v Ilgar (2019 NY Slip Op 08829)





Hwang v Ilgar


2019 NY Slip Op 08829


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-12016
 (Index No. 508386/15)

[*1]Naomi Hwang, respondent, 
v
Aliyev Ilgar, et al., appellants.


Gallo Vitucci Klar LLP, New York, NY (Sherri A. Jayson of counsel), for appellants.
Law Office of Jay D. Jacobson, PLLC, Melville, NY (Lisa Solomon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated September 12, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is granted.
On August 27, 2013, the plaintiff, a pedestrian, was struck by a vehicle operated by the defendant Aliyev Ilgar and owned by the defendant R & J Global Transportation, LLC. The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in the accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court denied the motion, and the defendants appeal.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's left shoulder was not caused by the accident (see generally Jilani v Palmer, 83 AD3d 786, 787). In opposition, the plaintiff failed to raise a triable issue of fact as to causation, and neither she nor her physicians offered a reasonable explanation for her lengthy gaps in treatment from December 2013 to December 2014, and again from October 2015 to October 2017 (see Pommells v Perez, 4 NY3d 566, 574; Atken v Jackson, 164 AD3d 869, 870; Islam v Apjeet Singh Makkar, 95 AD3d 1277, 1278; Maffei v Santiago, 63 AD3d 1011, 1012).
Accordingly, the Supreme Court should have granted the defendants' motion for [*2]summary judgment dismissing the complaint.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court