**Barber v Safety Marking Inc.**

2025 NY Slip Op 31033(U)

March 31, 2025

Supreme Court, Kings County

Docket Number: Index No. 510934/2020

Judge: Saul Stein

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 17, of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse, at
360 Adams Street, Brooklyn, New York, on
the 31ˢᵗ day of March, 2025.

P R E S E N T :

HON. SAUL STEIN,

                                    Justice.
---------------------------------------------------------------------X

RANDI L. BARBER, ELAINE LITTLEJOHN,
TASIA HAMILTON,

                                        Plaintiffs,              **Decision & Order**

                    -against-                                   Index No.: 510934/2020

SAFETY MARKING INC. and WILLIAM J. GOSSELIN,

                                        Defendants.
---------------------------------------------------------------------X

The following e-filed papers read herein:                    NYSEF Doc Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) Annexed_____  24-68
Opposing Affidavits (Affirmations)_____  69-71
Affidavits/ Affirmations in Reply _____  72
Other Papers: _____  73

In this action to recover damages for personal injuries arising from a motor vehicle

accident, defendants Safety Marking Inc. (Safety Marking) and William J. Gosselin (Gosselin)

(collectively, the defendants) move (in Motion Sequence 2) for summary judgment, pursuant to

CPLR 3212, dismissing the portion of the complaint as to plaintiff Tasia Hamilton (plaintiff)[1] on

---
[1] Pursuant to a Stipulation of Discontinuance, dated May 5, 2023, the action insofar as related to plaintiff Randi L. Barber was discontinued as against the defendants (NYSCEF Doc No. 15). Further, the portion of the motion as to plaintiff Elaine Littlejohn was withdrawn pursuant to a stipulation dated October 16, 2024 (NYSCEF Doc No. 73).

[* 1]

the basis that the latter cannot establish that she sustained a "serious injury" under Insurance Law § 5102 (d). Plaintiff opposes defendants' motion. For the reasons set forth below, the branch of defendants' motion seeking to dismiss the portion of the complaint on grounds that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d) is granted to the extent of the 90/180-day category, and is otherwise denied.

### Factual Background

Plaintiffs Randi L. Barber (Barber), Elaine Littlejohn (Littlejohn) and Tasia Hamilton commenced this action seeking to recover for personal injuries they allegedly sustained in a motor vehicle accident that occurred on August 12, 2017 at East 116th Street and 1st Avenue in New York City. The Complaint alleges that while Barber was driving his vehicle with plaintiffs Littlejohn and Hamilton as passengers, it was side swiped by a vehicle owned by Safety Marketing and operated by Gosselin.

Defendants now move for summary judgment dismissing the Complaint insofar as asserted by plaintiff, arguing that she has failed to meet the threshold requirements necessary to recover under Insurance Law § 5102 (d) as a result of the accident, as required by Insurance Law § 5104 (a). Under Insurance Law § 5104 (a), "in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury . . . . " Insurance Law § 5102 (d) defines a serious injury, in relevant part, as:

> permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; [or] significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute

2

[* 2]

such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The issue of whether a claimed injury falls within the statutory definition of "serious injury" is a question of law for the Court, which may be properly decided on a motion for summary judgment (*see Licari v Elliott*, 57 NY2d 230 [1982]). "On a motion for summary judgment dismissing a complaint that alleges a serious injury under Insurance Law § 5102 (d), the defendant bears the initial 'burden of establishing by competent medical evidence that plaintiff did not sustain a serious injury caused by the accident'" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002] [citation omitted], *rearg denied* 98 NY 2d 728 [2002]).

### Material Facts[2]

Two days after the accident, on August 14, 2017, plaintiff first sought care at Rutland Medical for neck and back pain, where she was referred for physical therapy. Between August and October 2017, plaintiff received physical therapy, acupuncture, and chiropractic care at Rutland Medical. An MRI of the spine performed in September 2017 revealed disk herniations and protrusions, which were reported to impress or abut the spinal cord at C4-C5 and T4-T5. In June 2018, plaintiff was administered a right and left facet joint injection and arthrogram at L3-L4, L4-L5, and L5-S1. On June 20, 2019, plaintiff had range of motion testing performed at Rutland Medical by chiropractor Dominic Mazza. Approximately three years later, on April 27, 2022,

---

[2] Plaintiff did not file a counterstatement of material facts; nor did plaintiff admit or dispute the material facts as presented by defendants in their counsel's opening affirmation (NYSCEF Doc No. 25). Thus, the statement of material facts as offered by defendants is referred to herein, except where the record indicated otherwise.

[* 3]

plaintiff presented to a pain management clinic with neck and back pain, fatigue, insomnia, and difficulty performing activities of daily living. Dr. Leonid Reyman of Pain Physicians NY opined that plaintiff would benefit from anterior cervical discectomy, lumbar discectomy, nucleoplasty and annuloplasty. In May 2022, plaintiff had an L4-L5 discectomy performed by Dr. Dmitriy Dvoskin at Island Ambulatory Surgery. Plaintiff later had spinal injections in October and November 2022.

In plaintiff's Bills of Particulars (NYSCEF Doc Nos. 28-30), she claims she sustained injuries to her cervical and lumbar spine under the "permanent consequential limitation of use" or "significant limitation of use," as well as under the 90/180-day categories of Insurance Law § 5102 (d) as a result of the accident.

<strong>Discussion</strong>

Defendants argue that the plaintiff did not suffer a serious injury to her cervical or lumbar spine, and that she does not qualify under the 90/180-day category. In support of their motion, defendants offer the independent medical evaluation (IME) report of their expert witness, Dr. Sravisht Iyer, a board-certified orthopedist with the subspecialty in spinal surgery. Dr. Iyer examined the plaintiff on March 19, 2024, focusing on the cervical and lumbar portions of her spine (NYSCEF Doc No. 44). Dr. Iyer noted that his examination of the plaintiff, using a goniometer, revealed the following: **Lumbar spine:** forward flexion 15 (normal 70-80); Extension 8 (normal 25-30); Lateral Bending-Right 15 (normal 30-35); and Lateral Bending-Left 15 (normal 30-35). **Cervical Spine**: forward flexion 75 (normal 70-90); Extension 30 (normal 50-60); Lateral Bending-Right 14 (normal 30-40); Lateral Bending-Left 14 (normal 30-40); Rotation-

4

Right 45 (normal 70-90) and Rotation-Left 15 (normal 70-90).[3] He further noted that there was no tenderness to palpation in the cervical and lumbar spines, the plaintiff's gait pattern was normal, strength testing was normal, and diminished sensation was absent. Dr. Iyer opined that his examination of the plaintiff did not reveal any objective pathophysiological processes that would correlate with the plaintiff's reported cervical and lumbar spinal pain which she stated at the time of her IME was 10 on the scale of 0 to 10.

In further support of their motion, defendants offer the report of their medical expert Dr. Marshall Keilson, a board-certified neurologist, who conducted a neurological examination of the plaintiff on February 27, 2024 (NYSCEF Doc No. 45). Dr. Keilson opined that his neurological examination of the plaintiff was unremarkable, that there was no disability that could be attributed to a neurologic insult and that there was no neurologic contraindication to plaintiff returning to her pre-accident activities, including gainful employment. In addition, he noted that, at the time of his examination, the plaintiff had not sought any medical attention for her accident-related symptoms for almost two years. He further noted that there was no tenderness or muscle spasms palpated at her cervical spine, and using a goniometer, measured her forward flexion at 50 (50 degrees normal), extension at 60 (60 degrees normal) and rotation to either side at 80 (80 degrees normal). As to the lumbrosacral spine, Dr. Keilson noted that there was no tenderness or muscle spasms, in the seated position straight leg raising to 90 degrees (90 degrees normal), and forward flexion to 45 degrees (60 degrees normal). He concluded that there was no neurologically related disability at the present time, nor an indication for further neurological involvement.

---

[3] Although Dr. Iyer cautioned that the "[r]ange of motion is noted to be subjective, under the voluntary control of the person being tested," his use of a goniometer to measure the range of motion minimized the so-called subjective component. Nothing in Dr. Iyer's report indicates that plaintiff was malingering.

[* 5]

In opposition to the motion, plaintiff offers the expert witness report of Dr. Roman Shulkin, who is board certified in pain medicine. Dr. Shulkin reported the results of range of motion testing accompanied by a single measurement for what is a normal value. His physical examination revealed diffuse tenderness of the upper and lower back. His final diagnoses are "Lumbar Herniated Disk, Cervical Herniated Disc, Lumbar Spondylosis" (NYSCEF Doc. No. 70, pages 2-3).

## Analysis

The documented ranges of motion in plaintiff's cervical spine and lumbar spine, as measured by defendants' expert spinal surgeon and separately by their expert neurologist, were inconsistent with each other. Whereas defendants' expert spinal surgeon documented that the ranges of motion of the cervical and lumbar portions of plaintiff's spine were all outside the normal range, defendants' expert neurologist documented the same to be all within the normal range. Equally important, the report of defendants' expert spinal surgeon was internally inconsistent. Defendants' expert spinal surgeon, while pointing out the subjective nature of range of motion tests, failed to clearly and adequately explain or substantiate, with objective medical evidence, his inference, which is not stated, that the noted limitations were self-restricted (*see Chun Ok Kim v Orourke*, 70 AD3d 995 [2d Dept 2010]; *Chang Ai Chung v Levy*, 66 AD3d 946, 947 [2d Dept 2009]; *Zamaniyan v Vrabeck*, 41 AD3d 472, 473 [2d Dept 2007]; *Scotti v Boutureira*, 8 AD3d 652 [2d Dept 2004]).

Furthermore, the defendants failed to establish, *prima facie*, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the underlying accident.[4]

---

[4] In their respective IME reports, neither of defendants' expert physicians (Dr. Iyer and Dr. Keilson) addressed the issue as to whether the plaintiff's injuries were caused by the underlying accident (*see* NYSCEF Doc Nos. 44 and 45).

6

As such, "the burden never shifted to the plaintiff to raise a triable issue of fact regarding causation . . . or to explain any gap in treatment" (*Brooks v Muessing*, 227 AD3d 856, 857 [2d Dept 2024]; *see Valdez v Classic Hauling, LLC*, 233 AD3d 959 [2d Dept 2024]; *Sheldon v Faessler*, 219 AD3d 851, 853 [2d Dept 2023]; *Confredo v Moore*, 210 AD3d 1050 [2d Dept 2022]; *Zennia v Ramsey*, 208 AD3d 735, 735 [2d Dept 2022]). Accordingly, defendants are not entitled to summary judgment dismissing plaintiff's claims as predicated on her alleged injuries to the cervical and lumbar portions of her spine under the "permanent consequential limitation of use" or "significant limitation of use" categories of Insurance Law § 5102 (d), without regard to the sufficiency of plaintiff's medical expert opposition (*see Delgado-Lara v Szozda*, 230 AD3d 1294, 1295 [2d Dept 2024]).

Defendants have, however, made a *prima facie* showing that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) by pointing to plaintiff's admission that she returned to work two months after the accident occurred (NYSCEF Doc No. 38, at ¶13[b]; *see Anderson v Foley*, 162 AD3d 965, 967 [2018]). In opposition, the plaintiff has failed to raise an issue of fact with regard to the 90/180-day category (*see Brown v Calisi*, 229 AD3d 756, 757 [2d Dept 2024]; *Alford v Morency*, 225 AD3d 828, 829 [2d Dept 2024]; *Cantave v Gelle*, 60 AD3d 988, 989 [2d Dept 2009]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2d Dept 2005]). Plaintiff's deposition testimony that she was later fired from two jobs for missing work due to her need to attend medical appointments is insufficient to demonstrate that she sustained a medically-determined injury or impairment which prevented her from performing substantially all of the material acts constituting her normal daily activities for not less than 90 of the first 180 days following the accident (*see* Insurance Law § 5102 [d]; *Ingram v Doe*, 296 AD2d 530, 531 [2d Dept 2002]). Therefore, given the foregoing, the Court finds that defendants' motion

7

[* 7]

is granted to the extent that the 90/180-day category is dismissed, and the remainder of their motion is denied.

## Conclusion

Accordingly, it is hereby:

**ORDERED** that defendants' motion is granted to the extent that the 90/180-day category is dismissed, and the remainder of their motion is denied; it is further

**ORDERED** that plaintiff's counsel is directed to electronically serve a copy of this Decision and Order with notice of entry on defendants' counsel and to electronically file an affidavit of service thereof with the Kings County Clerk.

The court, having considered the parties remaining contentions, finds them unavailing. All relief not formally granted herein has been considered and is denied.

This constitutes the decision and order of the court.

Enter

_____
Hon. Saul Stein J.S.C.

8

[* 8]